# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WAYNE F. BRABSON,** <br>     **Plaintiff,** <br><br>     vs. <br><br> **CYNTHIA A. DONOFRIO, et al.,** <br>     **Defendants.** | C.A. No. 06-276 Erie <br> District Judge McLaughlin <br> Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that:

1)    The motion to dismiss filed by the Honorable Dominick Motto [Document # 14] be granted.; and

2)    The motion to dismiss filed by Defendants Helen Morgan and Cynthia A. Donofrio [Document # 25] be granted.

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

On November 24, 2006, Plaintiff Wayne F. Brabson, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are: Cynthia A. Donofrio, stenographer for the Court of Common Pleas of Lawrence County, Pennsylvania ("Donofrio"); Helen Morgan, Prothonotary of Lawrence County, Pennsylvania ("Morgan"); and the Honorable Dominick Motto, President Judge of the Court of Common Pleas of Lawrence County, Pennsylvania ("Judge Motto").

Plaintiff alleges that Defendant Judge Motto violated his constitutional rights by allowing false evidence and perjury during his criminal trial, and that all Defendants have refused him court records and photographs from his criminal trial, which has denied him access to courts because he has been unable to use these materials in his appeal to the Pennsylvania Superior Court. (Complaint at Section IV.C). As relief for his claims, Plaintiff seeks injunctive relief, in the form of either his release from prison or an order requiring Defendants to turn over

the transcripts and photographs from his criminal trial.

On May 11, 2007, Defendant Judge Motto filed a motion to dismiss, contending that Plaintiff's claims against him should be dismissed because, *inter alia*, such claims are barred by Eleventh Amendment and/or absolute judicial immunity. [Document # 14]. Plaintiff filed a memorandum of law in opposition to Defendant Judge Motto's motion to dismiss on June 6, 2007. [Document # 21].

On June 15, 2007, Defendants Morgan and Donofrio also filed a motion to dismiss, contending, *inter alia*, that Plaintiff has failed to state a cognizable claim against them. [Document # 25]. Plaintiff filed a memorandum of law in opposition to this motion on July 11, 2007. [Document # 32]. This matter is now ripe for consideration.

**B.     Standards of Review**

    **1.     Motion to Dismiss**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they

2

are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations.  Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, ___ U.S. ___, 127 S.Ct. at 1965.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face."  Id. at ___, 1974.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

## C. Discussion

### 1. Judicial Immunity

In 1996, Congress enacted the Federal Courts Improvement Act ("FCIA"), Pub.L.No. 104-317, 110 Stat. 3847 (1996), in which it amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." The clear purpose of the FICA was to protect judges from injunctive suits challenging actions taken in their adjudicatory capacities.[1]

In this case, Plaintiff accuses Defendant Judge Motto of allowing false evidence and perjury during his criminal trial, and of refusing to later provide Plaintiff with his court records and photographs. It is clear from these allegations that the challenged actions were allegedly taken by Defendant Judge Motto in his judicial capacity. There is no claim or evidence that any declaratory decree was violated, nor is there any indication that declaratory relief is unavailable in this case. As a result, the judicial immunity expressly provided by Section 1983, by virtue of the FCIA's amendment, bars Plaintiff's claims against Defendant Judge Motto, and such claims should be dismissed.

---

[1] In recommending enactment of the FCIA's amendment of Section 1983, the Senate Judiciary Committee found the following:
> This section restores the doctrine of judicial immunity to the status it occupied prior to the Supreme Court's decision in Pulliam v. Allen, 466 U.S. 522 (1984) ...
> In Pulliam, the Supreme Court broke with 400 years of common-law tradition and weakened judicial immunity protections. The case concerned a State magistrate who jailed an individual for failing to post bond for an offense which could be punished only by a fine and not incarceration. The Defendant filed an action under 42 U.S.C. 1983, obtaining both an injunction against the magistrate's practice of requiring bonds for non-incarcerable offenses, and an award of costs, including attorney's fees. The Supreme Court affirmed, expressly holding that judicial immunity is not a bar to injunctive relief in section 1983 actions against a State judge acting in a judicial capacity, or to the award of attorney's fees under the Civil Rights Attorney's Fees Award Act, 42 U.S.C. 1988. Those statutes are now amended to preclude awards of cost and attorney's fees against judges for acts taken in their judicial capacity, and to bar injunctive relief unless declaratory relief is inadequate.

S. REP. No. 104-366, at 36-7 (1996), reprinted in 1996 U.S.C.C.A.N. 4202, 4216-17.

### 2. Access to Courts

While inmates have the right to adequate, effective, and meaningful access to the courts, Bounds v. Smith, 430 U.S. 817, 828 (1977), the United States Supreme Court restricted who may bring an access to courts claim in Lewis v. Casey, 518 U.S. 343, 355 (1996).[2] The *Lewis* Court held that in order to state a claim for a denial of the right of access to the courts, a plaintiff must show actual injury. Id. The plaintiff must show that, as a result of the defendant's actions, he lost the ability to present an "arguably actionable claim" against the validity of his sentence under direct or collateral appeal or a claim challenging his conditions of confinement in a civil rights action. Id. at 356. The Third Circuit has further described the *Lewis* holding:

> in rejecting the inmates' claims and reversing the district court's grant of an injunction in favor of the inmates, the Supreme Court explained that the Constitution gave the inmates no free-standing right to ... legal assistance. The relevant right is the right to access to the courts. Legal assistance ... [was] merely [a] *means* to achieving access to the courts. Because there was no free-standing right ..., an inmate could not demonstrate the necessary actual or imminent injury simply by establishing that those services were inadequate. Instead, to be able to bring a viable claim, the plaintiff inmates had to show direct injury to their access to the courts. The Court explained that an inmate could show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or [he could show] that he had suffered arguably actionable harm that he wanted to bring before the courts, but was so stymied by the inadequacies ... that he was unable even to file a complaint.

Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997).

So, under *Lewis*, this Court must determine whether Plaintiff has shown that he lost the ability to present an "arguably actionable claim." Here, Plaintiff claims that Defendants have violated his right to access the courts because they have refused to provide him with court

---

[2] The Lewis Court opined:
> ...*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Id. at 355.

records and photographs from his criminal trial, which he allegedly required for his appeal before the Pennsylvania Superior Court. Nevertheless, the record evidence demonstrates that Defendants' alleged refusal to provide the court documents at issue did not prevent Plaintiff from filing a timely appeal with the Superior Court. Moreover, the latest appeal docket sheet of record indicates that Plaintiff's appeal was submitted to a three judge panel of the Superior Court on April 30, 2007, and, presumably, remains pending. (Document # 15, Exhibit B at p. 5). Thus, Plaintiff has not demonstrated by affidavit, deposition, or otherwise that he suffered any arguably actionable harm under Lewis v. Casey. Because Plaintiff cannot meet this standing requirement, his access to courts claim should be dismissed.

### III.　CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1)　The motion to dismiss filed by the Honorable Dominick Motto [Document # 14] be granted.; and

2)　The motion to dismiss filed by Defendants Helen Morgan and Cynthia A. Donofrio [Document # 25] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See e.g., Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 8, 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: November 20, 2007

cc:　The Honorable Sean J. McLaughlin
　　　United States District Judge

6